Judge Owsley
delivered the Opinion of the Court.
Some time prior to May 1802, William Roberson departed this life, childless, leaving a widow, Mary Ann Roberson. At the May court, 1802, of Montgomery county, administration of his estate was granted to his widow, and she shortly thereafter, married Samuel Downey.
Tlie widow and administratrix, together with her husband Samuel Downey, entered upon the duties of the administration, and actually sold, of the estate of said Roberson, goods and chattels to the amount of two hundred and four pounds one shilling and sevenperice, and returned to the county court, a sale bill thereof. At the time of Roberson’s death, he was the owner and possessor of a negro boy, which has ever since been hired out by the widow and her husband Downey.
At the August court, 1811, of the said county of Montgomery, commissioners were appointed to settle the accounts in relation to the estate of the *354 said Roberson, with the administratrix and her husband Downey. A settlement was accordingly made by the commissioners, a report thereof returned to court, and at the November court, 1811, ordered to be recorded. By this settlement, the administratrix and her husband were charged with the amount of property sold by them in their fiduciary capacity, and the amount for which the negro boy had been hired the several successive years from Roberson’s death up to the settlement, together with the debts owing Roberson at his death, making in the whole, five hundred and twenty-one pounds ten shillings and three pence. This sum was credited by various payments, accounts, Sec. made and exhibited by the administratrix and her husband, and allowed by the commissioners, amounting in the whole to two hundred and one pounds, eighteen shillings and eightpence halfpenny.
misstoners of the county court'.
Bill by the distribuí res* against the surviving bus. band of the deceased administratrix ánd her sureties.
Demurrersustained & bill dismissed.
Husband is not accountable after his wife’s death, for her devastavit as administratrix, committed before the marriage.--^-But for estate which came to hand during the coverture, he remain* liable.
*354 According to this settlement, there is a balance of three hundred and nineteen pounds fourteen shillings and sixpence halfpenny, against the administratrix and her husband.
To recover their distributive shares of this balance, together with the further sums for which the negro had been hired since the date of the settlement, and to obtain partition of the negro, the collateral kindred and distributees of William Roberson, deceased, exhibited their bill in equity against, the sureties in the administration bond and Samuel Downey, his wife the administratrix having departed this life. This bill was not exhibited until September, 3 823. and after stating the preceding facts, among other things, charges that, no debts remain against the estate, and that Downey continues to hold the negro, and hire him out for his own benefit, &c.
Downey and the sureties in the administration bond, demurred to the lili, and the court sustained the demurrer, and dismissed the bill with cost.
From that decree, the heirs Sec. have appealed.
That Downey and the sureties are liable for the estate, is a proposition so obvious, that none, it is presumed, will attempt to controvert it. For a devastavit of the estate b,y the wife, before her mar *355 y i age, Downey, it is true, could not, after her death, be made to account; but according to the allegations of the bill, and the exhibits therein referred to, it is apparent, that all the estate for which a recovery is sought in the present cause, came' to the possession of Downey after his marriage; and the doctrine is well settled, that for any acts of his as administrator, in right of his wife, he remains accountable, though his wife maj not be living.
In- such case, the husband' surviving the wife administratrix, shall distribute all the estate which came to his hands during the coverture, ex ’ cept what remains in ' kind.
And with respect to the sureties, their liability is conclusively fixed by the lerms of the bond, in which they united with the administratrix.
But admitting their liability, the question occurs, can they be made accountable by bill in equity, exhibited by the heirs and distributees of the intestate Roberson? In argument it was not controverted, but what a bill in equity is the proper mode, and might have been sustained by the distributees, if the wife of Downey, who was the administratrix, was still living, and a party to the suit; but as sher is dead, it was contended that an administrator de bonis non of the estate of the intestate Roberson, should be appointed, and that when so appointed, the appellees would be compellable to account for the estate to him, and that until appointed, the distributees have no rigbtto the aid of a court of equity.
Were it true, that if appointed, the administrator de bonis non, would be entitled to all the estate for which a de.mand is asserted by the distributees in the present case, there would certainly be great force in the argument.
The same reason that forbids the distributees of an intestate, before any administration is granted, from exhibiting their hill against a stranger who may be indebted to the intestate for an account, would seem also to preclude the distributees, after the death of the administrator, and before the appointment of an administrator de bonis non, from bringing a bill against any person, to compel an account for personal matters, to which an"administrator de bonis non would be entitled, and it has heretofore been decided, and we apprehend correctly, that until administration is granted, no bill can be sustained by the heirs and. distributees, to compel *356 persons liable to the estate, to account for personal tilings. Rut there is a considerable portion of the demand set up by the appellants, to which the administrator dc bonis non, if appointed, would not be entitled, and for the recovery of which, he could sustain no suit or action.
Such oí'I be óslate of the twin tor as remains in kind, at tho dentil ctf tiio wife administratrix, ftoes to ilie administra to r'fie bonis non ; what docs not remain sqc* cío, tho husband must distribute..
■Demurrer to the wlioiobill, ■ivliinh oon- ' tains any equity, must be overruled.
O.etober 20.
Such an administrator would, no doubt, be entitled to whatever of the estate of the intestate remains in the hands of Downey, in specie; for whilst in that condition, it forms part of the estate of (he intestate, and must of course, vest in the admiiHS.tríitor de bpnis non, whenever appointed. But as respects the estate not remaining in specie, the administrator dc bonis noii, if appointed, would have no title.'s^nd of course, such an administrator could sustain no action or suit against Downey, or tiie sureties in the administration’bond for the hire of (lie negro or the. goods &c, of the iqfestate, which Downey and, his wife converted into money.
Except as to the estate remaining in specie, therefore, there can be no necessity for administration de bonis non to be granted, to enable the complain - ants in the court below’to sustain their bill in equity, and consequently, the demurrer which went to the whole demand, set up in the bill, should have been overruled, The decree must, therefore, be reversed with cost, the cause remanded, to the court below, and a decree there entered, not inconsistent with the principles of this opinion.